**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Miguel Angel AVILA–QUEZADA,
Defendant—Appellant.**

No. 09–50303.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2010.*

Filed March 31, 2010.

David Daniel Leshner, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Lisa Kay Baughman, Esquire, San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Miguel Angel Avila–Quezada appeals from the 57–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Avila–Quezada contends that the district court procedurally erred by, among other things, applying a 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because there was insufficient evidence as to the nature of his predicate conviction. The district court did not err by relying on the uncontroverted pre-sentence report to determine that Avila–Quezada's conviction was categorically a violent felony. *See United States v. Romero–Rendon,* 220 F.3d 1159, 1165 (9th Cir.2000); *see also United States v. Heron–Salinas,* 566 F.3d 898, 899 (9th Cir.2009) (per curiam).

Next, he asserts that the fact of the prior conviction was required to be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. This contention lacks merit. *See Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *see also United States v. Almazan–Becerra,* 482 F.3d 1085, 1091 (9th Cir.2007).

Avila–Quezada also contends that the district court insufficiently explained why it rejected his downward-departure motion for cultural assimilation. This contention is belied by the totality of the record, which contained an adequate explanation. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc).

Finally, he argues his sentence is substantively unreasonable pursuant to *United States v. Amezcua–Vasquez,* 567 F.3d 1050, 1058 (9th Cir.2009), because, among other reasons, his qualifying crime-of-violence conviction was too stale. However, in the instant case, unlike the offense in *Amezcua–Vasquez,* the predicate felony was not too old to score under the Sen-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tencing Guidelines' criminal history provisions. *See* U.S.S.G. § 4A1.2(e)(1); *see also Amezcua–Vasquez,* 567 F.3d at 1058 ("We make no pronouncement as to the reasonableness of a comparable sentence were Amezcua's conviction more recent[.]"). The record reflects that the sentence imposed was substantively reasonable, under the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 53–60, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.